UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JEFFREY SLAUGHTERBUTLER,

                Petitioner,                    Case No. 2:18-cv-24

v.                                        Honorable Janet T. Neff

CONNIE HORTON,

                Respondent.
_____/

**<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion for a stay of the Court's July 12, 2018, order requiring Petitioner to file an amended petition. The Court required Petitioner to file an amended petition to include recently exhausted habeas claims within 30 days of the date the Michigan Supreme Court rendered its final decision on Petitioner's appeal of the trial court's denial of Petitioner's motion for relief from judgment. (Order, ECF No. 12, PageID.269-270.) The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 24, 2020. *People v. Slaughter-Butler*, 950 N.W.2d 733 (Mich. 2020).

For the reasons set forth below, the Court will deny Petitioner's motion to stay because the claims he most recently presented to the state courts have been procedurally defaulted, and it would be futile to add them by way of amendment. Moreover, because the reason for the Court's July 12, 2018, stay order is now fulfilled (or perhaps mooted), the Court will lift the stay and reopen this case.

Promptly after the filing of a petition for habeas corpus—or in this case, promptly after the lifting of stay—the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  The Court delayed preliminary review of the instant petition because of Petitioner's immediate motion for stay pending exhaustion.  Having lifted the stay, the Court has now reviewed the petition filed almost three years ago and concludes that dismissal under Rule 4 is not appropriate.  Accordingly, the Court will enter an order directing Respondent to answer the petition.

## Discussion

### I.        Factual allegations

Petitioner Jeffrey Slaughterbutler is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  On July 11, 2014, following a five-day jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree felony murder, in violation of Mich. Comp. Laws § 750.316, armed robbery, in violation of Mich. Comp. Laws § 750.329, three counts of assault with intent to do great bodily harm less than murder (AGBH), in violation of Mich. Comp. Laws § 750.84, and the use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b.  On August 26, 2014, the court sentenced Petitioner to concurrent prison terms of life without the possibility of parole for murder, life for armed robbery, and 6 to 10 years for each count of AGBH.  Those concurrent sentences were to be served

2

consecutively to a sentence of 2 years for felony-firearm. (J. of Sentence, ECF No. 1-1, PageID.27.)

Petitioner appealed his convictions to the Michigan Court of Appeals. In the brief he filed with the assistance of counsel, Petitioner raised three issues:

I. The trial court abused its discretion in admitting into evidence a "rap" video because the evidence was not relevant, was more prejudicial than probative, and violated Defendant's due process right to a fair trial.

II. The trial court abused its discretion in denying the motion for a new trial (which contended that the trials should have been severed) when counsel for one of the co-defendants pointed his finger at Defendant Slaughter-Butler and accused him, even though no motion to sever the trials had been brought.

III. The trial court abused its discretion when it denied a motion for a new trial without holding an evidentiary hearing when one of the principal witnesses recanted his testimony.

(Pet'r's Appeal Br., ECF No. 1-1, PageID.46.) In a *pro per* supplemental brief, Petitioner added the following issues:

IV. Trial counsel denied defendant of his constitutional right of confrontation guaranteed by the Sixth Amendment and effective assistance of counsel guaranteed by the Sixth Amendment when his lack of cross-examination prevented defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness could be inferred.

V. Trial counsel's failure to investigate evidence presented in defendant's trial prejudiced him and violated his Fourteenth Amendment right of Equal protection of the law and my Sixth Amendment right to effective assistance of counsel guaranteed by the United States Constitution.

VI. Trial counsel's failure to request a voluntary manslaughter instruction denied Defendant his right to due process and his Sixth Amendment constitutional right to effective assistance of counsel.

VII. Trial counsel's failure to object to prejudicial evidence as well as prosecutorial misconduct deprived defendant of a fair trial and effective assistance of counsel guaranteed by the United States Constitution.

VIII.   Trial court felony murder instruction removed the essential element of malice from the jury's consideration and deprived defendant of a fair trial and due process guaranteed by the United States Constitution.

IX.    Convictions of felony-murder and underlying felony violate defendant's double jeopardy rights guaranteed by the United States Constitution.

(Pet'r's Supp. Pro Per Br., ECF No. 1-1, PageID.128.)

By opinions issued March 22, 2016, the Michigan Court of Appeals affirmed the trial court on all issues. The three-judge panel was unanimous with regard to issues II-IX above, but split on issue I. (Mich. Ct. App. Op., ECF No. 1-1, PageID.215-225.)

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same issues he raised in the Michigan Court of Appeals. (Pet., ECF No. 1, PageID.5.) By order entered December 7, 2016, the supreme court denied leave to appeal. *People v. Slaughter-Butler*, 887 N.W.2d 632 (Mich. 2016).

On February 20, 2018, with 5 days remaining in the period of limitation, Petitioner filed his habeas corpus petition raising the same nine issues he raised in the Michigan appellate courts. (Pet., ECF No. 1, PageID.8-20.) Along with his petition, Petitioner filed a motion to stay these proceedings so that he could return to the trial court and file a motion for relief from judgment raising the following new issues:

X.     Petitioner was denied his state and federal due process and equal protection rights to fair trial where trial counsel failed to challenge the veracity of the arrest warrant, Fourth and Fifth Amendment defects in the procedures and bind-over by the district and circuit court judges, where there is a structural error and defect that warrants the current judgment and sentence be vacated and remanded for an evidentiary hearing and an entrapment hearing.

XI.    Petitioner was denied his state and federal due process and equal protection rights to a fair trial, where the trial court's evidentiary rulings are clearly erroneous, did not meet the standards of MRE or FRE 103, 106, 901 and video that warrants the current judgment be vacated and remanded for an evidentiary hearing.

XII.     Petitioner was denied his state and federal due process right to effective assistance of counsel at trial where trial counsel prejudiced the defense by failing to file proper pretrial and post-trial adequate motions to suppress and quash, renewed motions for directed verdict, interview exculpatory witnesses and investigate a plea offer by the prosecution, that warrants a remand for an evidentiary hearing and/or a *Ginther* hearing.

XIII.    Petitioner was denied his state and federal due process and equal protection rights to a fair trial when the trial court's comments, fact-finding, bias and piercing the veil of impartiality and had an injurious effect on the jury verdict, that is a "structural error," structural defect that warrants the current judgment and sentence be vacated and remanded for an evidentiary hearing for a new trial and a "judicial entrapment hearing."

XIV.    Petitioner was denied his state and federal constitutional due process and equal protection rights to a fair trial where the prosecution and state courts knowingly used perjured testimony that went uncorrected with a calculated method to obtain a conviction that warrants a new trial due to such recanting by a key prosecution witness, entrapment hearing, and remand to vacate the current judgment.

XV.     Petitioner was denied his state and federal constitutional guaranteed due process and equal protection rights to effective assistance of appellate counsel who failed to perfect an appeal of right to non-frivolous claims, failed to consult with Petitioner prior to filing the appeal that was fatally defective, fatally flawed, and prejudiced the appeal, that warrants a remand back to the trial court to expand the record and an evidentiary hearing.

XVI.    Petitioner was denied his state and federal constitutional due process and equal protection rights to effective assistance of appellate counsel who filed a defective Anders brief, did not file the adequate and proper appellate motions for remand back to the trial court in the Michigan Court of Appeals that prejudiced Petitioner on appeal, that is a structural error and conflict of interest that warrants a remand and an evidentiary hearing.

XVII.   Petitioner's conviction and judgment rest upon extrinsic fraud upon the courts, plain error, structural errors, structural defects, clearly erroneous evidentiary rulings and "divided court" where the state court's decision is unreasonable, and contrary to federal law and United States Supreme Court decisions that violate Petitioner's substantive due process and equal protection guaranteed constitutional rights, that warrants this court to vacate the current judgment and sentence and remand this case for a new trial and evidentiary hearing.

XVIII.  Petitioner was denied his state and federal due process and equal protection guaranteed constitutional rights to fair trial, where the trial court jury instructions were defective to material facts of the case, abused its discretion

5

to admitting evidence, video, to what the proponents stated it was, invaded the province of the jury and impaired Petitioner's right to present a complete defense and had an injurious effect on the jury verdict that is a plain error, structural error that warrants a reversal and remand for new trial.

(Pet'r's Mot. for Stay, ECF No. 6, PageID.253-255.)

By order entered July 12, 2018, the Court permitted Petitioner 30 days to file a motion for relief from judgment in the Kent County Circuit Court.  The Court stayed this action until Petitioner filed a motion to amend his petition to include the newly exhausted claims.  The deadline for filing that motion to amend was 30 days after a final decision by the Michigan Supreme Court.

On July 24, 2018, Petitioner requested an extension of the 30-day deadline for filing his motion for relief from judgment.  (Pet'r's Mot. to Extend, ECF No. 13.)  By order entered July 30, 2018, the Court granted Petitioner's motion, extending the deadline until October 29, 2018. Petitioner failed to meet that deadline.  He filed his motion in the Kent County Circuit Court on November 1, 2018.[1]  If that 3-day delay were the only procedural mistake in Petitioner's pursuit of his motion for relief from judgment, it might be something the Court could ignore.  It was not.

On February 10, 2019, the Kent County Circuit Court entered its order denying Petitioner's motion for relief from judgment because Petitioner had failed to show cause for the failure to raise his motion issues on direct appeal, or prejudice.  *People v. Slaughter-Butler*, No. 14-00018-FC (Kent Cnty. Cir. Ct. Order Feb. 10, 2019).  Petitioner then waited more than a year before filing his application for leave to appeal the circuit court's decision.  The court of appeals did not deny leave to appeal; it dismissed the application because Petitioner had filed it too late

---

[1] In the federal court, Petitioner has the benefit of the mailbox rule.  Petitioner does not enjoy that benefit in the state courts in connection with his motion for relief from judgment.  *See Julian v. Parish*, No. 19-1053, 2019 WL 7567196, at *1 (6th Cir. Apr. 24, 2019) ("[T]here is no mailbox rule under Michigan law, and the federal court mailbox rule does not apply to state court proceedings.").

6

under the court rule.  *People v. Slaughter-Butler*, No. 352855 (Mich. Ct. App. Apr. 7, 2020) (available at http://publicdocs.courts.mi.gov/coa/public/orders/2020/352855_10_01.pdf (visited Dec. 22, 2020)).  Petitioner sought leave to appeal in the Michigan Supreme Court.  The supreme court denied leave by order entered.  *People v. Slaughter-Butler*, 950 N.W.2d 733 (Mich. 2020).

Under the Court's initial stay order, Petitioner's motion to amend would be due on or before Thursday, December 24, 2020.  Petitioner asks the Court to extend that deadline because he is not able to use the law library because of COVID-19 restrictions.  (Pet'r's Mot. to Extend, ECF No. 15.)  Although Petitioner offers a valid reason that might otherwise support granting an extension, intervening events have rendered the entire exercise of filing an amended petition moot. Accordingly, the Court will deny Petitioner's motion.

When Petitioner filed his initial petition only 5 days remained in the period of limitation.  His petition did not include the unexhausted issues (issues X-XVIII above), but Petitioner immediately informed the Court he required a stay to permit him to exhaust those issues. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Fair presentation has a substantive component and a procedural component.  With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern.  *Picard*, 404 U.S. at 277-78.  With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely."  *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at \*1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at \*2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at \*2 (6th Cir. Aug. 16, 1996).

Petitioner fairly presented his issues to the trial court; however, his presentation to the court of appeals was procedurally inappropriate.  The Michigan Court Rules required Petitioner to file his application for leave to appeal in the Michigan Court of Appeals, at the latest, within 6 months after entry of the order appealed from.  Mich. Ct. R. 6.509(a), 7.205(G).  Although there are exceptional circumstances that permit a later application for leave to appeal, the court of appeals found that those exceptional circumstances were not present.  Accordingly, the court of appeals dismissed Petitioner's application because it was filed too late.

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent

8

and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim.  *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).  In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim.  *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  The court of appeals order is the last reasoned state-court decision.

The requirements for a procedural default are met here.  Petitioner failed to comply with the state procedural rules, Mich. Ct. R. 6.509(a) and 7.205(G).  The Michigan Court of Appeals applied those rules to bar Petitioner's claims.  And the default is an independent and adequate ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hatfield v. McKee*, No. 15-10101, 2018 WL 1254947, at *5 (E.D. Mich. Mar. 12, 2018); *McDaniels v. Prelesnik*, No. 08-cv-11548, 2015 WL 3441150, at *7 (E.D. Mich. May 28, 2015); *Sturgess v. Berghuis*, No. 5:06-cv-14234, 2008 WL 2937784, at *10 (E.D. Mich. Jul. 24, 2008).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice.  *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52.  The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence.  *House*, 547 U.S. at 536.  A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no

reasonable juror would have found petitioner guilty beyond a reasonable doubt.  *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not offered any cause for his failure to comply with the six-month filing deadline for his application for leave to appeal in the Michigan Court of Appeals.  Nor has Petitioner provided new reliable evidence to support a claim of actual innocence.  Therefore, Petitioner's procedural default will preclude this Court's consideration of the merits of the claims Petitioner presented in his motion for relief from judgment, and it would be futile to extend the time within which Petitioner might add those claims by amending his petition.  Accordingly, Petitioner's motion for an extension of the time to add those claims will be denied.

Dated:   January 5, 2021                                      /s/ Janet T. Neff
                                                             Janet T. Neff
                                                             United States District Judge